**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **JOSUE MARTINEZ-AZEAS,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-2174-KC** |
| | § | |
| **MARY DE ANDA YBARRA, et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**SHOW CAUSE ORDER**

On this day, the Court considered Josue Martinez-Azeas's Petition for a Writ of Habeas Corpus, ECF No. 1.

Martinez-Azeas, a citizen of Guatemala, is held in immigration detention at the El Paso Service Processing Center in El Paso, Texas. Pet. ¶¶ 22, 27. He argues that his detention without an individualized custody determination is unlawful on constitutional due process grounds, and asks the Court to order his release and to prohibit Respondents from transferring him out of the Court's jurisdiction. *Id.* ¶¶ 14, 53–65.

On July 2, 2026, a three-judge panel of the Fifth Circuit held that, to comport with due process, the Government may not detain aliens under 8 U.S.C. § 1225(b)(2)(A) for longer than ninety days without a bond hearing. *Sosnava Rodriguez v. Ortega*, --- F.4th ----, 2026 WL 1906557, at *16 (5th Cir. July 2, 2026). On July 10, the Fifth Circuit granted rehearing en banc and vacated the panel opinion. *See Sosnava Rodriguez v. Ortega*, --- F.4th ----, 2026 WL 2014647 (5th Cir. July 10, 2026). And, on July 21, the en banc Fifth Circuit issued a stay of the district courts' judgments in the three consolidated cases, which had each ordered the release of

the petitioners on due process grounds. *Sosnava Rodriguez v. Ortega*, --- F.4th ----, 2026 WL 2104747 (5th Cir. July 21, 2026).

An interim order granting a stay is "not conclusive as to the merits" but may "inform how a court should exercise its equitable discretion in like cases." *Trump v. Boyle*, 145 S. Ct. 2653, 2654 (2025). Such an order "does not make or signal any change to [the] law" and "is not a ruling on the merits." *Merrill v. Milligan*, 142 S. Ct. 879, 879 (2022) (Kavanaugh, J., concurring); *accord U.S. Navy SEALs 1-26 v. Biden*, 72 F.4th 666, 675 n.9 (5th Cir. 2023) (declining to vacate a published order denying a stay because a stay order does not "spawn binding legal consequences regarding the merits of [a] case."). "[I]nstead[, it] simply stays the District Court's injunction" in the particular case or cases on appeal, "*pending a ruling on the merits*." *Merrill*, 142 S. Ct. at 879 (Kavanaugh, J., concurring) (emphasis in original). Where stay orders in one case have informed the Supreme Court's exercise of its equitable discretion to stay a subsequent case, the original stay orders analyzed the relevant factors and explained why the balance of the equities weighed in favor of a stay. *See, e.g.*, *Boyle*, 145 S. Ct. at 2654 (citing *Trump v. Wilcox*, 145 S. Ct. 1415 (2025)); *Nat'l Institutes of Health v. Am. Pub. Health Ass'n*, 145 S. Ct. 2658, 2659 (2025) (citing *Dep't of Educ. v. California*, 604 U.S. 650 (2025)).

The Fifth Circuit's stay in *Sosnava Rodriguez* was issued without any explanation of its analysis whatsoever.[1] Thus, reading into the stay order "is an inherently speculative endeavor." *See Sagastizado v. Noem*, 802 F. Supp. 3d 992, 1013 (S.D. Tex. 2025). An endeavor the Fifth Circuit itself has declined to engage in, finding that "guess[ing] [at] the meaning of unexplained

[1] As to the actual stay, the July 21, 2026, Order reads, in its entirety, "IT IS FURTHER ORDERED that Appellants' opposed motion for stay of the district court judgments pending rehearing *en banc* is GRANTED." *Sosnava Rodriguez*, 2026 WL 2104747, at *1. In addition to granting the stay, the same order also grants a motion to expedite consideration of the stay and denies as moot a motion to refer the stay motion to the en banc court. *Id.* The court did not explain its rationale as to either of those decisions, either. *Id.*

grants of a stay or writs of certiorari" makes it "even more difficult [to] rationally [] order outcomes." *Selvage v. Lynaugh*, 842 F.2d 89, 94–95 (5th Cir. 1988), vacated sub nom. *Selvage v. Collins*, 494 U.S. 108 (1990). And that, "abiding [by its] settled view of the law until told to do otherwise best strikes for rational and evenhanded justice." *Id.* at 95; *accord Sagastizado*, 802 F. Supp. 3d at 1013 ("Without clearer direction, the Court will not deny relief this Court deems likely meritorious . . .").

Without any explanation as to why the Fifth Circuit stayed the district courts' judgments in *Sosnava Rodriguez*, this Court declines to "guess the meaning" of the stay order. *See Selvage*, 842 F.2d at 94. Because the stay order does not explain why the competing equities in the three consolidated cases in *Sosnava Rodriguez* warranted a stay, the Court is unable to discern how the balancing of the equities there might inform the equities present here. Accordingly, in the interest of "rational and evenhanded justice" the Court continues to apply its interpretation of the law governing habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b) "until told to do otherwise." *See id.* at 95. In doing so, the Court joins at least three other courts in the Fifth Circuit who have proceeded with consideration of such claims following the *Sosnava Rodriguez* stay order. *See Scott Camacho* v. *Dep't of Homeland Sec.*, No. 3:26-cv-1717-DB, 2026 WL 2137156 (W.D. Tex. July 24, 2026); Order, *Tolentino-Rodriguez v. Blanche*, No. 26-cv-5611 (S.D. Tex. July 23, 2026), ECF No. 6; Order, *Mercado Leyva v. U.S. Dep't of Just. Immigr. Ct.*, No. 26-cv-1196 (S.D. Tex. July 23, 2026), ECF No. 11.

Turning to the Petition, Martinez-Azeas and his family entered the United States on October 12, 2023. Pet. ¶ 32. He was thereafter detained and released from custody on his own recognizance. *Id.* On July 14, 2026, Martinez-Azeas was detained by immigration authorities

during an appointment at the El Paso Service Processing Center. *Id.* ¶¶ 36–37. He remains in detention at the El Paso Service Processing Center. *Id.* ¶ 22. His derivative application for asylum remains pending. *Id.* ¶¶ 2, 7. As alleged, Petitioner's case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–88 (W.D. Tex. 2025). Of course, Respondents are nevertheless permitted to state their position before a ruling. In doing so, Respondents are encouraged to avoid boilerplate arguments that this Court has already rejected. Absent new binding authority, they may assume that the Court's position on the law has not changed and explain whether the facts of Martinez-Azeas's case warrant a different outcome.

**IT IS FURTHER ORDERED** that Respondents shall **SHOW CAUSE** by **no later than August 28, 2026**, why the application for a writ of habeas corpus should not be granted. *See Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 3254930, at *2 & n.1 (W.D. Tex. Aug. 26, 2025). The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED** that, under the Court's inherent authority to preserve and assess its own jurisdiction, that Respondents **SHALL NOT** (1) remove or deport Martinez-Azeas from the United States, or (2) transfer Martinez-Azeas to any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed. *See Alves v. U.S. Dep't of Just.*, No. 3-25-cv-306-KC, 2025 WL 2629763, at *5 (W.D. Tex. Sept. 12, 2025).

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through

their counsel. *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**IT IS FURTHER ORDERED** that if any deadline set in this Order falls on a weekend or holiday, that deadline is extended to the following business day.

**SO ORDERED**.

SIGNED this 21st day of August, 2026.



KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE