**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **JOSUE MARTINEZ-AZEAS,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-2174-KC** |
| | § | |
| **MARY DE ANDA YBARRA, et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

On this day, the Court considered the case. On September 1, 2026, the Court ordered Respondents by no later than September 8, 2026, to either (1) provide Martinez-Azeas with a bond hearing before an immigration judge ("IJ"), or (2) release him from custody under reasonable conditions of supervision. Sep. 1, 2026, Order 4, ECF No. 4. Respondents informed the Court that, on September 4, 2026, an IJ ordered Martinez-Azeas released from custody on bond. Status Report, ECF No. 5; *see id*. Ex. A ("IJ Order"), ECF No. 5-1.

However, it now appears that Respondents may be invoking the so-called automatic stay provision to refuse to comply with the IJ's bond order pending appeal to the BIA. *See* Update Immigration Bond, ECF No. 7; *see also* IJ Order, at 2. This Court has previously found that the automatic stay provision, as applied to a habeas petitioner who had spent multiple years at liberty in the United States and was granted bond by an independent adjudicator, was violative of due process. *See, e.g.*, Order, *Felipe Febles v. De Anda-Ybarra*, 3:26-cv-823-KC (W.D. Tex. Apr. 15, 2026), ECF No. 7. More than fifty district courts, including other district courts in the Fifth Circuit, have also found the automatic stay provision unconstitutional. *See Castro-Vasquez v. Thompson*, No. 25-cv-5164, 2026 WL 206761, at *4 (S.D. Tex. Jan. 27, 2026) (stating that over fifty courts have held 8 C.F.R. § 1003.19(i)(2) unconstitutional on due process grounds); *see, e.g.*, *Alvarez Martinez v.*

*Noem*, No. 5:25-cv-1007-JKP, 2025 WL 2598379 (W.D. Tex. Sept. 8, 2025) (finding automatic stay provision unconstitutional on due process grounds as applied to petitioner); *Sampiao v. Hyde*, 799 F. Supp. 3d 14, 30–34 (D. Mass. 2025) (same); *Gunaydin v. Trump*, 784 F. Supp. 3d 1175, 1187–90 (D. Minn. 2025) (same); *Herrera v. Knight*, 798 F. Supp. 3d 1184, 1199–1203 (D. Nev. 2025) (same and facially unconstitutional); *Hasan v. Crawford*, 800 F. Supp. 3d 641, 657–61 (E.D. Va. 2025) (same); *Alves da Silva v. US Immigr. & Customs Enf't*, 805 F. Supp. 3d 417, 422–25 (D.N.H. 2025) (same); *J.M.P. v. Arteta*, 807 F. Supp. 3d 265, 288–99 (S.D.N.Y. 2025) (same); *Ruiz Diaz v. Noem*, No. 26-cv-782, 2026 WL 733587, at *3–4 (D. Colo. Mar. 16, 2026) (same). To the extent Respondents seek to invoke the automatic stay here, the Court finds that action unconstitutional as applied to Martinez-Azeas for essentially the same reasons as in prior cases. *See* Order 5, *Felipe Febles*, 3:26-cv-823-KC (citing *Mathews v. Eldridge*, 424 U.S. 319 (1976)).

Accordingly, the Court **ORDERS** that, **on or before September 14, 2026**, Respondents shall permit Martinez-Azeas to post bond in accordance with the IJ Order, and shall release Martinez-Azeas from custody upon the posting of bond.

**IT IS FURTHER ORDERED** that, **on or before September 14, 2026**, Respondents shall **FILE** notice informing the Court whether Martinez-Azeas has been permitted to post bond and whether Martinez-Azeas has been released from custody.

**SO ORDERED**.

**SIGNED this 10th day of September, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE